**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG SUN, | No. 06-75146 |
| Petitioner, | Agency No. A096-345-275 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

   Yong Sun, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the discrepancy between Sun's testimony and his passport regarding his whereabouts on the day of his alleged arrest is substantial and goes to the heart of his claim. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (adverse credibility determination is supported where at least one of the identified grounds is supported by substantial evidence and goes to the heart of the claim). In the absence of credible testimony, Sun's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Sun's CAT claim is based on the same statements found to be not credible, and he fails to point to any other evidence in the record to establish it is more likely than not he would be tortured if returned to China, substantial evidence supports the agency's denial of CAT protection. *See id.* at 1156-57.

To the extent Sun contends ineffective assistance of counsel or raises a claim based on China's family planning policy, this court lacks jurisdiction to review the

claims because they were not exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we decline to consider the evidence Sun attached to his opening brief because our review is limited to the administrative record underlying the BIA's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**